**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | Case No. 9408009291 |
| | ) | |
| KEVIN EPPERSON, | ) | |
| Defendant. | ) | |

Submitted: July 12, 2023
Decided: August 3, 2023

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF BE SUMMARILY DISMISSED**

This 3rd day of August, 2023, upon consideration of the Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

Before the Court is defendant Kevin Epperson's (hereinafter "Defendant") **29th Motion for Postconviction Relief**. Defendant was arrested on August 12, 1994 on charges of Kidnapping First Degree and Unlawful Sexual Intercourse First Degree. On March 12, 1996, after a jury trial, Defendant was convicted of Kidnapping First Degree and Unlawful Sexual Contact Second Degree (a lesser

1

included offense of Unlawful Sexual Intercourse First Degree).[1]  Due to Defendant's

extensive criminal history, the State filed a Motion to Declare Defendant a Habitual

Offender pursuant to 11 *Del. C.* §4214(a).[2]  On May 2, 1996, the Court granted the

State's Habitual Offender petition and sentenced Defendant to an aggregate sentence

of 60 years Level V, suspended after serving 52 years, followed by probation.[3]

Defendant then unsuccessfully appealed his conviction to the Delaware Supreme

Court.[4]  On February 25, 1997, the Delaware Supreme Court issued its mandate and

affirmed Defendant's convictions.[5]

Over the next twenty-six years, Defendant initiated countless repetitive and

frivolous motions, *in addition to* twenty-nine Motions for Postconviction Relief.

Commencing with Defendant's third Motion for Postconviction Relief,[6] the Superior

Court denied the motion on procedural grounds –concluding it did not meet the

exacting pleading standards of Superior Court Criminal Rule 61(i) because the

motion was repetitive, untimely, and asserted previously adjudicated claims.[7]  And

---

[1]  Docket Item ("D.I.") 28.
[2]  D.I. 32.
[3]  D.I. 33; D.I. 44.
[4]  *Epperson v. State*, 1997 WL 70813 (Del. Feb. 6, 1997).
[5]  D.I. 54, Feb. 25, 1997, Mandate.
[6]  D.I. 89.
[7]  D.I. 90.

so it went for the next eleven years, as the Court repeatedly and consistently denied Defendant's next seventeen motions for postconviction relief.[8]

On November 23, 2015, Defendant filed his twenty-second Motion for Postconviction Relief.[9] After denying this Motion on procedural grounds, the Court issued the following ruling: "[T]he New Castle County Prothonotary is Ordered henceforth to docket any other motions, petitions or other applications, but not to send them to me, or any other judge, for consideration."[10] Despite this, Defendant continued to file a variety of motions, and the Court consistently advised Defendant that it would not take any action beyond docketing them.[11]

---

[8] See D.I.'s 99, 131, 138, 142, 149, 152, 156, 163, 171, 173, 179, 186, 192, 195, 204, 210, and 216.

Consistent with his litigation in this Court, Defendant's Motions have not found success on appeal. In fact, in 2006 the Delaware Supreme Court Ordered Defendant enjoined from filing any future appeal in that Court without first seeking leave to do so, because his filings constituted an abuse of the judicial process. *Epperson v. State,* 2016 WL 1547975, at *1 (Del. June 5, 2016). Moreover, the Delaware Supreme Court has consistently dismissed Defendant's appeals as procedurally barred and/or frivolous. *Epperson v. State*, 2014 WL 70009985, at *1 (Del. Nov. 17, 2014); *Epperson v. State*, 2015 WL 667539, at *1 (Del. Feb. 12, 2015); *Epperson v. State*, 2016 WL 889556, at *1 (Del. Mar. 8, 2016); *Epperson v. State*, 2017 WL 4791099, at *1 (Del. Oct. 23, 2017); and *Epperson v. State*, 2023 WL 3916164, at *1 (Del. June 8, 2023).

[9] D.I. 221.

[10] D.I. 225.

[11] D.I. 238 ("The present motions are placed in your file. The Court takes no further action in regard to your complaints and motions."). D.I. 240 ("The Court shall not do anything but have the Motion placed in your file and ignored so you will not have another denial with which to trouble the [Delaware] Supreme Court."). D.I. 242 ("The Court informs you that this newest motion will be treated the same way as last month's [motion]. No action will be taken pursuant to my March 13, 2017 letter to you."). D.I. 244 ("The April 21, 2017 filing will be placed in your file and no further action shall be taken."). D.I. 247 ("Pursuant to prior rulings, this umpteenth motion will be placed in your file in New Castle County. No further action will occur.")

Undeterred, Defendant filed a Motion for Correction of Illegal Sentence on April 9, 2018,[12] and a Motion For Modification of Sentence on April 10, 2018.[13] In response, the Superior Court Judge advised the Defendant, in pertinent part:

> The Court has reviewed the Docket, including your countless motions for postconviction relief, denial of the same, and meritless appeals. The [Delaware] Supreme Court has barred further filings from you, and [the Superior Court Judge] repeatedly has advised you that the Court will docket, but will not otherwise consider, any other motions you file. Accordingly, your Motion has been docketed, but the Court will take no further action on it or any other Motion or request for relief you may file. It is so ordered.[14]

Despite being advised that the Court would not consider the merits of any claims raised in future filings, a Superior Court Judge reviewed Defendant's twenty-fifth through twenty-eighth motions for postconviction relief, concluding "any alleged errors [Defendant] seeks to raise in his repetitive motions [have] been addressed in his appeals and post-conviction proceedings or [have] been waived because [they were] not raised in a timely manner."[15]

The same reasoning holds true for this, Defendant's twenty-ninth Motion for Postconviction Relief.[16] Defendant's July 7, 2023 Motion is procedurally barred.

---

[12] D.I. 250.

[13] D.I. 249.

[14] D.I. 252, May 1, 2018 Order.

[15] D.I. 285, Order Denying Defendant's twenty-fifth Motion for Postconviction Relief; D.I. 288, August 26, 2022 Order Denying Defendant's twenty-sixth Motion for Postconviction Relief; D.I. 291, December 13, 2022 Order Denying Defendant's twenty-seventh Motion for Postconviction Relief; D.I. 294, April 25, 2023 Order denying Defendant's twenty-eighth Motion for Postconviction Relief.

[16] D.I. 295.

Any alleged errors raised in the Motion have been addressed in his prior appeals and postconviction proceedings, or are waived because they were untimely filed.

## CONCLUSION

Since Defendant's 1996 conviction and sentencing, he has consistently filed repetitious, frivolous motions in this Court which are an abuse of the judicial process and impose an undue burden on scarce judicial resources. I recommend that Defendant's July 7, 2023 Motion for Postconviction Relief be **DENIED** as procedurally barred and **SUMMARILY DISMISSED**. I also recommend that Defendant's Application to Proceed *In Forma Pauperis* be **DENIED** as **MOOT**.

I also recommend that, consistent with this Court's November 23, 2015 and May 1, 2018 Orders,[17] that any further motions received by the Prothonotary from Defendant be docketed, but that those motions not be referred to a judicial officer for further consideration, and the Court take no further action on them.

**IT IS SO RECOMMENDED.**

/S/ *Martin B. O'Connor*
Commissioner Martin B. O'Connor

---

[17] D.I. 221; D.I. 252.